ALB:FJN/JPL/ADG
F. #2014R01920/OCDETF #NY-NYE-764

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

14-cr-00625(DLI)(VMS)

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

DAIRO ANTONIO USUGA DAVID,
   also known as "Otoniel," "Mao,"
   "Gallo" and "Mauricio-Gallo," and
JOBANIS DE JESUS AVILA VILLADIEGO,
   also known as "Chiquito" and "Chiquito
   Malo,"

                Defendants.

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 14-625 (S-4) (DLI)
(T. 18, U.S.C., §§ 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(c)(1)(B)(ii), 924(d)(1), 3238, 2
and 3551 et seq.; T. 21, U.S.C.,
§§ 848(a), 848(c), 853(a), 853(p),
959(d), 960(b)(1)(B)(ii), 963 and 970;
T. 28, U.S.C., § 2461(c))

- - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Superseding Indictment, unless otherwise indicated:

1. The Clan del Golfo Drug Trafficking Organization (the "CDG"), formerly known as "Los Urabeños" and "Clan Usuga," was a cocaine trafficking and paramilitary organization based in Urubá, Colombia.

2. The CDG was involved in multi-ton shipments of cocaine from Colombia to Mexico and Central America for ultimate importation into the United States. The CDG coordinated the production, purchase and transfer of shipments of cocaine, as well as the receipt of shipments of cocaine in Mexico and Central America. The CDG also controlled territory in various areas in Colombia and imposed a "tax" on any drug traffickers operating in regions

under the CDG's control. Specifically, the CDG charged a set fee for every kilogram of cocaine that was manufactured, stored or transported through areas controlled by the CDG.

3. The CDG also employed "sicarios," or hitmen, who carried out various acts of violence, including murders, assaults, kidnappings and assassinations. The CDG utilized these acts of violence for a variety of reasons, including:

(a) Promoting and enhancing the prestige, reputation and position of the CDG with respect to rival criminal organizations;

(b) Preserving, protecting and expanding the power, territory and criminal venture of the CDG, including the CDG's control over drug manufacturing facilities and trafficking routes;

(c) Financing the CDG's operations and enriching its leaders including the defendants, by collecting drug debts;

(d) Maintaining discipline amongst its members and associates; and

(e) Protecting members of the CDG from arrest and prosecution by silencing potential witnesses and retaliating against law enforcement authorities and anyone who provided information or assistance to law enforcement authorities.

4. The defendant DAIRO ANTONIO USUGA DAVID, also known as "Otoniel," "Mao," "Gallo" and "Mauricio-Gallo," was a principal leader of the CDG.

5. The defendant JOBANIS DE JESUS AVILA VILLADIEGO, also known as "Chiquito" and "Chiquito Malo," was a commander of the CDG in charge of collecting drug taxes, managing armed combatants and maintaining control over specific territorial areas within Colombia.

## COUNT ONE
(Continuing Criminal Enterprise)

6. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7. In or about and between June 2003 and October 2021, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants DAIRO ANTONIO USUGA DAVID, also known as "Otoniel," "Mao," "Gallo" and "Mauricio-Gallo," and JOBANIS DE JESUS AVILA VILLADIEGO, also known as "Chiquito" and "Chiquito Malo," together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendants DAIRO ANTONIO USUGA DAVID and JOBANIS DE JESUS AVILA VILLADIEGO committed violations of Title 21, United States Code, Sections 841(a), 846, 952(a), 959(a), 960 and 963, including Violations One through Forty-Five set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendants DAIRO ANTONIO USUGA DAVID and JOBANIS DE JESUS AVILA VILLADIEGO, in concert with five or more other persons, with respect to whom the defendants DAIRO ANTONIO USUGA DAVID and JOBANIS DE JESUS AVILA VILLADIEGO occupied supervisory and management positions, and from which continuing series of violations the defendants DAIRO ANTONIO USUGA DAVID and JOBANIS DE JESUS AVILA VILLADIEGO obtained substantial income and resources. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), included the following violations set forth below:

### Violation One
(International Cocaine Manufacturing and Distribution Conspiracy)

8.  In or about and between June 2003 and October 2021, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants DAIRO ANTONIO USUGA DAVID and JOBANIS DE JESUS AVILA VILLADIEGO, together with others, did knowingly and intentionally conspire to manufacture and distribute a controlled substance, intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963. The amount of cocaine involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was five kilograms or more of a substance containing cocaine.

### Violations Two Through Forty-Four
(International Cocaine Distribution)

9.  On or about the dates listed below, all dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants DAIRO ANTONIO USUGA DAVID and JOBANIS DE JESUS AVILA VILLADIEGO, together with others, did knowingly and intentionally distribute a controlled substance, intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offenses involved a substance containing cocaine, a Schedule II controlled substance, in the amounts listed below, contrary to Title 21,

United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2:

| VIOLATION | APPROXIMATE AMOUNT OF COCAINE | APPROXIMATE DATE(S) OF OFFENSE |
|---|---|---|
| 2 | 1,600 Kilograms | June 18, 2003 |
| 3 | 2,040 Kilograms | August 3, 2003 |
| 4 | 1,800 Kilograms | August 15, 2003 |
| 5 | 1,650 Kilograms | August 28, 2003 |
| 6 | 1,200 Kilograms | September 28, 2003 |
| 7 | 1,400 Kilograms | September 3, 2004 |
| 8 | 1,796 Kilograms | September 19, 2004 |
| 9 | 2,000 Kilograms | October 22, 2004 |
| 10 | 1,670 Kilograms | November 16, 2004 |
| 11 | 1,868 Kilograms | November 19, 2004 |
| 12 | 2,090 Kilograms | November 25, 2004 |
| 13 | 2,060 Kilograms | January 27, 2005 |
| 14 | 1,811 Kilograms | June 2, 2005 |
| 15 | 2,000 Kilograms | August 26, 2005 |
| 16 | 1,700 Kilograms | January 10, 2006 |
| 17 | 1,940 Kilograms | May 20, 2006 |
| 18 | 2,100 Kilograms | November 10, 2006 |
| 19 | 1,870 Kilograms | January 3, 2007 |
| 20 | 2,100 Kilograms | April 19, 2007 |
| 21 | 2,000 Kilograms | May 25, 2007 |

| VIOLATION | APPROXIMATE AMOUNT OF COCAINE | APPROXIMATE DATE(S) OF OFFENSE |
|---|---|---|
| 22 | 2,000 Kilograms | July 3, 2007 |
| 23 | 2,000 Kilograms | July 23, 2007 |
| 24 | 2,000 Kilograms | November 6, 2007 |
| 25 | 1,950 Kilograms | November 20, 2007 |
| 26 | 1,000 Kilograms | December 2009 |
| 27 | 12,000 Kilograms | January 2010 – January 2011 |
| 28 | 2,000 Kilograms | June 2011 |
| 29 | 2,000 Kilograms | September 2011 |
| 30 | 2,266 Kilograms | September 10, 2011 |
| 31 | 2,500 Kilograms | October 2011 |
| 32 | 2,000 Kilograms | November 10, 2011 |
| 33 | 1,400 Kilograms | January 2012 |
| 34 | 7,000 Kilograms | February 2012 |
| 35 | 2,500 Kilograms | March 2012 |
| 36 | 2,717 Kilograms | May 26, 2013 |
| 37 | 1,645 Kilograms | October 12, 2013 |
| 38 | 2,200 Kilograms | February 2014 |
| 39 | 3,250 Kilograms | February 2014 – June 2014 |
| 40 | 2,200 Kilograms | June 2014 |
| 41 | 2,200 Kilograms | September 2014 |
| 42 | 1,500 Kilograms | May 16, 2019 |
| 43 | 993 Kilograms | September 21, 2019 |

| VIOLATION | APPROXIMATE AMOUNT OF COCAINE | APPROXIMATE DATE(S) OF OFFENSE |
|---|---|---|
| 44 | 840 Kilograms | March 2021 |

Violation Forty-Five
(Murder Conspiracy – Persons Who Posed a Threat and Perceived Threat to the CDG)

10. In or about and between June 2003 and October 2021, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants DAIRO ANTONIO USUGA DAVID and JOBANIS DE JESUS AVILA VILLADIEGO, together with others, while engaged in one or more offenses punishable under Section 960(b)(1) of Title 21 of the United States Code, to wit: the crimes charged in Violations One Through Forty-Four, did knowingly and intentionally conspire to kill and cause the intentional killing of one or more persons, to wit: persons who posed a threat and a perceived threat to the CDG, and such killings did result, in violation of Title 21, United States Code, Sections 848(e)(1)(A) and 846.

(Title 21, United States Code, Sections 848(a) and 848(c); Title 18, United States Code, Sections 3238, 2 and 3551 et seq.)

COUNT TWO
(International Cocaine Manufacturing and Distribution Conspiracy)

11. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

12. In or about and between June 2003 and October 2021, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants DAIRO ANTONIO USUGA DAVID, also known as "Otoniel," "Mao," "Gallo" and "Mauricio-Gallo," and JOBANIS DE JESUS AVILA VILLADIEGO, also known as "Chiquito"

7

and "Chiquito Malo," together with others, did knowingly and intentionally conspire to manufacture and distribute a controlled substance, intending, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 959(a) and 960(a)(3). The amount of cocaine involved in the conspiracy attributable to the defendants as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, was five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 963, 959(d) and 960(b)(1)(B)(ii); Title 18, United States Code, Sections 3238 and 3551 et seq.)

### COUNT THREE
(Use of Firearms in Furtherance of Drug Trafficking)

13. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

14. In or about and between June 2003 and October 2021, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendants DAIRO ANTONIO USUGA DAVID, also known as "Otoniel," "Mao," "Gallo" and "Mauricio-Gallo," and JOBANIS DE JESUS AVILA VILLADIEGO, also known as "Chiquito" and "Chiquito Malo," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more drug trafficking crimes, to wit: the crimes charged in Counts One and Two, and did knowingly and intentionally possess such firearms in

furtherance of said drug trafficking crimes, one or more of which firearms was brandished and discharged and one or more of which firearms was a machinegun.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

15. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, proceeds obtained, directly or indirectly as the result of such offense; (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and (c) any of their interest in, claims against and property or contractual rights affording a source of control over, the continuing criminal enterprise.

16. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

17. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853(a) and 970, which require any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a), 853(p) and 970))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT THREE

19. The United States hereby gives notice to the defendants that upon their conviction of the offense charged in Count Three, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of such offense, or willful violation of any other criminal law of the United States.

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2014R01920/OCDETF #NY-NYE-764
FORM DBD-34
JUN. 85

No. 14-CR-625 (S-4) (DLI)

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

DAIRO ANTONIO USUGA DAVID,
also known as "Otoniel," "Mao," "Gallo" and "Mauricio-Gallo,"
*and*
JOBANIS DE JESUS AVILA VILLADIEGO,
also known as "Chiquito" and "Chiquito Malo,"

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(B)(ii), 924(d)(1), 3238, 2 and 3551 et seq.; T. 21, U.S.C., §§ 848(a), 848(c), 853(a), 853(p), 959(d), 960(b)(1)(B)(ii), 963 and 970; T. 28, U.S.C., § 2461(c))

A true bill.

_____
Foreperson

Filed in open court this _____ day of _____ A.D. 20 ____

_____
Clerk

Bail, $

*Allen L. Bode, Francisco J. Navarro, Jonathan P. Lax, Andrew D. Grubin,
Assistant U.S. Attorneys, (718) 254-7000*